SLR:KAN/LDM:DPL
F.#2010V00667

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

               Plaintff,

         - against -

ONE HUNDRED AND FOUR THOUSAND SIX
HUNDRED DOLLARS AND ZERO CENTS
($104,600.00) PREVIOUSLY ON DEPOSIT IN
TD BANK NA ACCOUNT NUMBER 7925522430,
HELD IN THE NAME OF ANTHONY J.
CENZOPRANO, NOW IN THE CUSTODY OF THE
U.S. DEPARTMENT OF TREASURY, AND ALL
PROCEEDS TRACEABLE THERETO,

             Defendant In Rem.

- - - - - - - - - - - - - - - - - -X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JUN 22 2010

BROOKLYN OFFICE

Verified Complaint
In Rem

**SEYBERT**

Civil Action
No.

       Plaintiff, UNITED STATES OF AMERICA, by its attorney,
LORETTA E. LYNCH, United States Attorney for the Eastern District
of New York, Duncan Levin, Assistant United States Attorney, of
counsel, alleges upon information and belief as follows:

### PRELIMINARY STATEMENT

       1.   Plaintiff brings this action in rem in order to
condemn and to forfeit to the use and benefit of the United
States of America the above-captioned property: one hundred and
four thousand six hundred dollars and zero cents ($104,600.00)
previously on deposit in TD Bank NA account number 7925522430
(the "Cenzoprano Account"), held in the name of Anthony J.
Cenzoprano, now in the custody of the U.S. Department of

Treasury, and all proceeds traceable thereto (the "Defendant Funds").

2.    The Defendant Funds are forfeitable to the United States pursuant to 31 U.S.C. § 5317, as property involved in a violation or violations of 31 U.S.C. § 5324, or a conspiracy to commit any such violation, and/or as property traceable to any such violation or conspiracy.

**JURISDICTION AND VENUE**

3.    This court has jurisdiction over this action, pursuant to 28 U.S.C. §§ 1345 and 1355.

4.    Venue in the Eastern District of New York is proper, pursuant to 28 U.S.C. §§ 1355 and 1395, in that the acts and omissions giving rise to the forfeiture occurred in the Eastern District of New York.

**STATUTORY BACKGROUND**

5.    Pursuant to 31 U.S.C. § 5313(a) and its related regulations, when a domestic financial institution, including banks and money service businesses, is involved in a transaction for the payment, receipt, or transfer of U.S. currency in an amount greater than $10,000, the institution shall file a currency transaction report ("CTR") for each cash transaction, such as, by way of example, a deposit, withdrawal, exchange of currency or other payment or transfer by, through or to a financial institution.  CTRs are filed with the Financial Crimes

2

Enforcement Network at the Detroit Data Center on forms that require disclosure of, among other information, the identity of the individual who conducted the transaction and the individual or organization for whom the transaction was completed.  These regulations also require that multiple transactions be treated as a single transaction if the financial institution has knowledge that they are conducted by, or on behalf of, the same person, and they result in currency either received or disbursed by the financial institution totaling more than $10,000 during any single business day.

6.    Many individuals involved in illegal activities, such as narcotics trafficking, tax evasion and money laundering, are aware of the reporting requirements and take active steps to cause financial institutions to fail to file CTRs in order to avoid detection of the movement of large amounts of cash.  These active steps are often referred to as "structuring" and involve making multiple cash deposits or withdrawals in amounts less than $10,000 on the same day or consecutive days in order to avoid the filing of CTRs.  Structuring is prohibited by 31 U.S.C. § 5324(a)(3).

7.    Pursuant to 31 U.S.C. § 5324, it is a crime for an individual to (a) "cause or attempt to cause a domestic financial institution to fail to file a report required under § 5313(a)," (b) "cause or attempt to cause a domestic financial institution

3

to file a report required under § 5313(a) that contains a
material omission or misstatement of fact," or (c) "structure or
assist in structuring, any transaction with one or more domestic
financial institutions" for the purpose of evading the reporting
requirements of 31 U.S.C. § 5313(a).

      8.    Furthermore, 31 U.S.C. § 5317 provides for the
forfeiture of any property involved in a violation of 31 U.S.C.
§ 5324, or any conspiracy to commit any such violation, and any
property traceable to any such violation or conspiracy.

      9.    In any forfeiture action in which the subject
property is cash deposited into a bank account, the government is
not required to identify the particular funds involved in the
offense, as any funds found in the same account within one year
of the date of the offense are subject to forfeiture pursuant to
18 U.S.C. § 984.

### INVESTIGATION AND PROCEDURAL HISTORY

      10.    Anthony J. Cenzoprano ("Cenzoprano"), who is the
sole account holder of the Cenzoprano Account, is an occupational
therapist and chiropractor.  He is the owner of The Physical
Rehabilitation Center, which is located at 22 Nassau Street,
Garden City, New York 11530.

      11.    The Cenzoprano Account was maintained at TD Bank
NA, located in the Eastern District of New York, and was opened
in or about June 2007.  The Cenzoprano Account is a personal

4

checking account and is the only account maintained at TD Bank NA in Cenzoprano's name or in the name of The Physical Rehabilitation Center.

12. Based on the Government's investigation, as set forth in more detail below, the Cenzoprano Account has been involved in structuring activity aggregating to at least $104,600.00 during the period between October 9, 2009 and November 13, 2009.

13. By way of background, law enforcement has determined that during the period of about June 21, 2007 through about August 13, 2007, the Cenzoprano Account was involved in structuring activity totaling approximately $75,250.00. During this time period, ten currency deposits were made in amounts just under $10,000.00 that were in an apparent attempt to avoid the filing of a CTR. These funds are not the subject of this civil forfeiture action.

14. Based on a review of the bank records for the Cenzoprano Account obtained from TD Bank, law enforcement has determined that from approximately October 9, 2009 to approximately November 13, 2009, there were twelve structured currency deposits totaling approximately $104,600.00 in the Cenzoprano Account. The chart below sets forth the dates and amounts of the structured cash deposits into the Cenzoprano Account during this period of time:

5

| DATE OF DEPOSIT | DAY OF DEPOSIT | AMOUNT OF DEPOSIT |
|---|---|---|
| Oct.  9, 2009 | Friday | $9,000.00 |
| Oct. 13, 2009 | Tuesday | $9,900.00 |
| Oct. 13, 2009 | Tuesday | $8,800.00 |
| Oct. 14, 2009 | Wednesday | $9,000.00 |
| Oct. 15, 2009 | Thursday | $9,000.00 |
| Oct. 20, 2009 | Tuesday | $9,700.00 |
| Oct. 21, 2009 | Wednesday | $9,700.00 |
| Oct. 22, 2009 | Thursday | $9,500.00 |
| Oct. 23, 2009 | Friday | $9,300.00 |
| Oct. 26, 2009 | Monday | $2,500.00 |
| Nov.  9, 2009 | Monday | $8,300.00 |
| Nov. 13, 2009 | Friday | $9,900.00 |
| TOTAL: | | $104,600.00 |

15.   As reflected in the chart above, a majority of the
deposits were made on consecutive business days and were all in
amounts less than $10,000.00 dollars, an amount that would have
triggered the filing of a CTR.   The amount and frequency of these
structured deposits are inconsistent with typical activity in a
personal checking account, and these transactions were clearly
being structured for the purpose of avoiding currency reporting
requirements.   Additionally, as reflected in the chart above, the
two separate deposits made on October 13, 2009 in the amounts of

6

$9,900.00 and $8,800.00 into the Cenzoprano Account triggered the filing of a "multiple transaction" CTR by TD Bank. A "multiple transaction" CTR is typically filed by a financial institution without the customer's knowledge when the customer conducts more than one cash deposit or withdrawal transaction on the same banking day and the aggregate of such deposits or withdrawals exceeds the amount of $10,000.

16.  Based upon the foregoing investigation, the Cenzoprano Account was involved in structuring activity in the amount of at least $104,600.00 during the period between on or about October 9, 2009 and on or about November 13, 2009 in violation of 31 U.S.C. § 5324.

17.  On or about April 7, 2010, U.S. Magistrate Judge Roanne L. Mann signed a seizure warrant for the Defendant Funds. All of the Defendant Funds are now in the custody of the United States Department of Treasury.

18.  In the administrative forfeiture process, the United States Department of Treasury sent timely notice to all potential claimants to the Defendant Funds, and Cenzoprano submitted a timely claim to the Defendant Funds.

**FIRST CLAIM FOR RELIEF**

19.  Plaintiff repeats the allegations of paragraphs 1 through 18 as if fully set forth herein.

20.   The Defendant Funds, and all proceeds traceable thereto, were involved in or are traceable to, transactions or attempted transactions, which were structured with the intent to avoid transaction reporting requirements under federal law, in violation of 31 U.S.C. § 5324, or conspiracy to commit such offense.

20.   As a result of the foregoing, the Defendant Funds and all proceeds traceable thereto, are liable to condemnation and to forfeiture to the United States for its use, in accordance with 31 U.S.C. § 5317(c).

**WHEREFORE**, plaintiff, United States of America, requests that a warrant of this Court be issued for the arrest of the Defendant Funds; that due notice of these proceedings be given to all interested persons; that the Defendant Funds be forfeited and condemned to the use of the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and for such other relief and further relief as this Court deems just and proper.

Dated:      Brooklyn, New York
            June 2_7, 2010

                              LORETTA E. LYNCH
                              UNITED STATES ATTORNEY
                              Eastern District of New York
                              Attorney for Plaintiff
                              271 Cadman Plaza East
                              Brooklyn, New York 11201


            By:    _____
                              DUNCAN LEVIN
                              Assistant U.S. Attorney
                              (718) 254-6060/7000

9

### VERIFICATION

Brian Westrich hereby declares as follows:

    1.  I am a Special Agent with the Internal Revenue Service, Criminal Investigation Division.

    2.  I have read the within-verified complaint in rem and know the contents thereof.

    3.  I believe the matters contained in the within-verified complaint in rem are true and accurate to the best of my knowledge, information and belief.

    4.  The source of my information and the grounds for my belief are personal knowledge and information provided by other law enforcement officers and the official files and records of the United States of America.

    I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated:      Brooklyn, New York
             June 22, 2010

             Brian Westrich
             Special Agent
             Internal Revenue Service
             Criminal Investigation Division